2010 BNH 024     Note:   This is an unreported opinion.  Refer to LBR 1050-1 regarding citation.
_____

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: | Bk. No. 09-13200-JMD |
| | Chapter 7 |
| Kim Tuyen T. Ong-Maguire, | |
|     Debtor | |
| | |
| Elizabeth Ong, | |
|     Plaintiff, | |
| | |
| v. | Adv. No. 09-1176-JMD |
| | |
| Kim Tuyen T. Ong-Maguire, | |
|     Defendant | |

*Kathy Landry Lynch, Esq.*
*Havervill, Massachusetts*
*Attorney for Plaintiff*

*Andrew D. Myers, Esq.*
*Law Offices of Andrew D. Myers*
*Derry, New Hampshire*
*Attorney for Debtor/Defendant*

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

The Court has before it Defendant Kim Tuyen Ong-Maguire's Supplementary Motion to Dismiss (Doc. No. 13) (the "Motion").  Kim seeks to dismiss Plaintiff's Elizabeth Ong's amended complaint objecting to the dischargeability of a debt under various sections of § 523(a)

and § 727(a)[1] based on Kim's conduct while acting as trustee for a family trust set up by Elizabeth and her husband.  The Court held a hearing on Kim's first motion to dismiss Elizabeth's original complaint.  After the hearing, the Court allowed Elizabeth to amend her complaint and gave Kim time to file an amended or supplementary motion to dismiss.  After the parties submitted their papers, the Court then took the matter under submission.  This opinion constitutes the Court's ruling on the amended complaint (Doc. No. 12) and the Motion.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.).  This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II.  BACKGROUND

The Court draws the following factual background from the amended complaint.  Kim is Elizabeth's sister.  In March 1990, Elizabeth's husband bought a house at 33 Rogers Avenue in Lynn, Massachusetts, with the intention of using it to fund the college education of their two minor children.  In August 1997, Elizabeth and her husband set up a real estate trust (the Ong Family Trust), which conveyed the Lynn property into the trust, named Kim as the trustee, and designated the children as sole beneficiaries of the trust.  Based on prior conversations, Elizabeth was told that the Lynn property had no mortgages and that any equity would be used for the children's education.  In December 1997, Elizabeth's husband died unexpectedly, leaving her

---

[1] In this opinion the terms "Bankruptcy Code," "section" and "§" refer to title 11 of United States Code, 11 U.S.C. § 101 et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 109-8.

extremely distraught.  Around this time, Elizabeth then asked Kim to help her deal with her finances while she was coping with her husband's death.  A few months later, in April 1998, the Ong Family Trust was recorded in the Essex County, Massachusetts Registry of Deeds, and the Lynn property was then transferred into the trust.

On May 1, 2002, Kim took a number of steps that gave rise to this dispute.  First, she recorded a trustee certificate with the Essex County Registry of Deeds, in which she stated under oath that she was directed by the Ong Family Trust beneficiaries to refinance the Lynn property by borrowing $190,000 from Boston Federal Savings Bank, secured by a first mortgage on the Lynn property.  Next, acting as trustee of the Ong Family Trust, she then conveyed the Lynn property to herself and recorded the deed with the Essex County Registry of Deeds.  Then, while acting in her personal capacity, she refinanced the Lynn property for $190,000 and executed the mortgage, which was then recorded.  Finally, after receiving the funds from the refinancing, Kim then conveyed the Lynn property back to the Ong Family Trust and recorded the deed.  Elizabeth alleges that she and the beneficiaries of the trust never knew about or consented to these transactions.  Elizabeth said she relied on her sister to serve as the trustee to care for and look out for the beneficiaries' best interest.

Kim then used the refinancing funds to buy a multi-family residence at 64-66 Franklin Street, Lynn, Massachusetts for $300,000 in her own name.  Kim promptly recorded that deed.  On December 9, 2002, while acting in her personal capacity, Kim refinanced the Lynn property again (along with the Franklin Street property) by borrowing $215,000 from Saugusbank,

3

secured by mortgages on the Lynn property and on the Franklin Street property.[2] Kim also assigned the leases and rents of both properties to Saugusbank.

Elizabeth alleges that Kim never gave any rents or funds from the properties to the beneficiaries as required and that Kim instead used the money to buy another property at 3 Colburn Road in Derry, New Hampshire in August 2003. Kim collected rents from the Lynn property and from the Franklin Street property for her personal benefit and never placed the funds into the trust as required. Elizabeth requested an accounting from Kim regarding those funds, but Kim has refused to provide one, even though the trust terms require yearly accounting.

In January 2006, without permission or authority, Kim then sold the Lynn property for $350,000, recorded the deed, and signed a trustee certificate stating under oath that no beneficiaries of the trust were minors and that the beneficiaries directed her to sign the deed to transfer. Elizabeth later learned about the sale of the Lynn property. To avoid litigation, Elizabeth and Kim eventually agreed to place the sale proceeds into escrow to compensate the beneficiaries. Elizabeth alleges that Kim then changed the closing date on the Lynn property and never informed Elizabeth or her attorney. Kim failed to deposit any of the sale proceeds into escrow and failed to provide an accounting. Kim then started her own business—Kim's Spa & Nails, LLC—in January 2007. Elizabeth believes that Kim used the funds from the refinancing and selling of the Lynn property to start the new business.

In February 2007, Elizabeth sued Kim in Massachusetts state court on several grounds based on Kim's conduct while acting as trustee in transferring and refinancing the Lynn property. Elizabeth also alleges that Kim apparently sold the Franklin Street property in October

---

[2] Saugusbank's mortgage on the Lynn property was later released in August 2006.

2009 for $180,000 without providing Elizabeth with an accounting of rental income or for the proceeds from the sale.  That case was stayed once Kim filed for chapter 7 bankruptcy in August 2009.  Elizabeth then filed this adversary proceeding in November 2009.  The amended complaint contains four counts, all seeking to deny Kim's discharge or declare certain debts nondischargeable based on Kim's conduct while acting as trustee for the Ong Family Trust.

## III.  DISCUSSION

### A.  Motion to dismiss standard

Under Federal Rule of Civil Procedure 12(b)(6), made applicable to adversary proceedings in bankruptcy cases by Federal Rule of Bankruptcy Procedure 7012(b), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In ruling on a Rule 12(b)(6) motion to dismiss, courts "must accept as true the well-pleaded factual allegations of the complaint" and draw all reasonable inferences in the plaintiff's favor.  LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998).  While a complaint does not require detailed factual allegations to survive a motion to dismiss, it must contain more than labels and legal conclusions.  Twombly, 550 U.S. at 555.  "[Although] legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Iqbal, 129 S.Ct. at 1950.  A pleading that offers only a formulaic recitation of the elements of a cause of action must be dismissed.  Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 129 S.Ct. at 1949.

Thus, a complaint that just pleads facts consistent with a defendant's liability does not carry the day because it "stops short of the line between possibility and plausibility." Id. (quoting Twombly, 550 U.S. at 557). A complaint must allege facts which will establish a plausible claim for relief. A complaint establishes facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the . . . court to draw on its judicial experience and common sense." Id. at 1950. And, although trial courts must take all factual allegations in the complaint as true, they are not bound to accept as true legal conclusions couched as factual allegations. Id. at 1949-50.

When considering a motion to dismiss, courts usually only look to the complaint itself. Under narrow exceptions, however, courts may consider "facts extractable from documentation annexed to or incorporated by reference in the complaint and matters susceptible to judicial notice." Rederford v. U.S. Airways, Inc., 589 F.3d 30, 35 (1st Cir. 2009). Courts may also consider documents the authenticity of which are not disputed by the parties and official public records. Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 47 n.1 (1st Cir. 2009). The Court addresses the sufficiency of the complaint under each count.

### B. Analysis

#### 1. Count I – § 727(a)(2)(B) - Transfer or removal of property of the estate after the petition was filed

In Count I, Elizabeth alleges that Kim should be denied a discharge under § 727(a)(2)(B) because she sold and transferred the Franklin Street property on October 30, 2009, for $180,000, after she filed her chapter 7 bankruptcy petition and listed the property as an asset of the estate.

In the Motion, Kim argues that Count I does not meet the pleading standards and should be dismissed because the amended complaint did not plead the crucial element of her actual intent to hinder, delay, or defraud her creditors.  And, in any event, Kim argues that the Franklin Street property was abandoned by the chapter 7 trustee about a week before she sold it because there was little to no equity.

>Section § 727(a)(2)(B) requires the Court to deny the debtor a discharge if
>
>(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
>   . . .
>   (B) property of the estate, after the date of the filing of the petition.

11 U.S.C. § 727(a)(2)(B).  A creditor pursuing a § 727(a)(2)(B) claim must show by a preponderance of the evidence that (1) the debtor transferred, removed, destroyed, mutilated, or concealed, (2) property of the estate, (3) postpetition, (4) with intent to hinder, delay or defraud a creditor.  Groman v. Watman (In re Watman), 301 F.3d 3, 7 (1st Cir. 2002).

As to the intent element, Elizabeth must show that Kim acted with actual intent, not constructive intent.  Id. at 8.  "Because a debtor rarely gives direct evidence of fraudulent intent, . . . intent to defraud a creditor can be proved by circumstantial evidence."  Marrama v. Citizens Bank (In re Marrama), 445 F.3d 518, 522 (1st Cir. 2006).  Actual intent can be inferred from the facts and circumstances surrounding the debtor's actions.  See id.

Kim does not dispute that the Franklin Street property was transferred and sold and that it was done postpetition.  She also does not dispute that the Franklin Street property was property of the bankruptcy estate because it was listed on her bankruptcy schedules.  Thus, the Court only needs to assess whether the amended complaint alleges enough facts about Kim's intent to

establish a plausible claim for relief. Here, the Court finds that Count I of the amended complaint meets the standard. The amended complaint lays out a general chronology of events and a series of transactions in which Elizabeth alleges that Kim first breached her duties as trustee in mortgaging the Lynn property in trust, then used the funds to acquire the Franklin Street property, which she later used to generate rental income for her personal benefit, all without notifying or accounting to Elizabeth or the trust beneficiaries. The facts in the amended complaint provide enough to allow the inference of actual intent to defraud because Kim's alleged initial fraud allowed her to acquire the Franklin Street property, and Kim allegedly engaged in a series of transactions that raise an inference of intent to hinder, delay, or defraud Elizabeth or the beneficiaries.

In addition, the Franklin Street property was not abandoned as Kim alleges in the Motion. The chapter 7 trustee filed a no distribution report on October 22, 2009, but a no distribution report is not the same thing as abandonment. Under § 554, the property of the estate will be deemed abandoned if the property was (1) listed in the schedules, (2) not otherwise administered in some way, and (3) the case has been closed. Though the Franklin Street property was listed on Kim's bankruptcy schedules, the bankruptcy case has not been closed. Thus, the Franklin Street property has not been abandoned and remains property of the estate. Accordingly, the Motion is denied as to Count I.

### 2.  Count II - § 727(a)(4)(A) - False oath or account

In Count II, Elizabeth alleges that Kim should be denied a discharge under § 727(a)(4)(A) because she filed a trustee certificate under oath with the Essex County Registry of Deeds intentionally stating facts she knew or had reason to know to be false—that the

beneficiaries directed Kim in writing to refinance and grant a mortgage on the Lynn property. In the Motion, Kim argues that Count II should be dismissed because specificity is required for pleading fraudulent conduct under § 727(a)(4)(A).

Section 727(a)(4)(A) requires the Court to deny the debtor a discharge if "the debtor knowingly and fraudulently, in or in connection with the case made a false oath or account." The Court will grant the Motion on Count II, but for different reasons than those offered by Kim. Notably, the false oath required under § 727(a)(4)(A) must be made "in connection with the case," meaning in connection with the <u>bankruptcy case</u>. Here, Count II alleges that Kim made a false oath by filing a trustee certificate in a registry of deeds before her bankruptcy was ever filed, so the false oath was not made in connection with Kim's bankruptcy case. Accordingly, the Motion is granted as to Count II.

### 3. Count III - § 523(a)(2)(A) - Money or property obtained by false pretenses, a false representation, or actual fraud

In Count III, Elizabeth alleges that Kim should be denied a discharge under § 523(a)(2)(A) because Kim transferred trust property in and out of the trust while stating that she had authority to do so, mortgaged the property while stating facts she knew to be false, and for intentionally did not provide Elizabeth with an accounting of any funds received through the various refinances and purchases. In the Motion, Kim argues that § 523(a)(2)(A) requires any complaint to state facts meeting the required heightened state of mind for those types of claims—that the debtor had an intent to deceive.

Section 523(a)(2)(A) prevents debtors from discharging any debt

> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2)(A). Creditors have three avenues for nondischargeability claims under § 523(a)(2)(A)—false pretenses, a false representation, or actual fraud. Actual fraud consists of something said, done, or omitted with the design of perpetrating what is known to be a cheat or deception against someone else. Backlund v. Stanley-Snow (In re Stanley-Snow), 405 B.R. 11, 21 (B.A.P. 1st Cir. 2009). On the other hand, false representations or false pretenses under § 523(a)(2)(A), require a creditor to show that: (1) the debtor made a knowingly false representation or one made in reckless disregard of the truth; (2) the debtor intended to deceive, i.e., scienter; (3) the debtor intended to induce the creditor to rely upon the false statement; (4) the creditor actually relied upon the misrepresentation; (5) the creditor's reliance was justifiable; and (6) the reliance on the false statement caused damage. McCrory v. Spigel (In re Spigel), 260 F.3d 27, 32 (1st Cir. 2001).

Kim's basis for dismissal on Count III focuses on the failure to plead facts inferring her intent to deceive (i.e., scienter). The scienter requirement under § 523(a)(2)(A) can be met in several ways. The plaintiff can show that "the maker of the misrepresentation (a) knows or believes that the matter is not as she represents it to be; (b) does not have the confidence in the accuracy of the representation that she states or implies; or (c) knows that she does not have the basis for her representation that she states or implies." Palmacci v. Umpierrez, 121 F.3d 781, 787 (1st Cir. 1997). A debtor's intent to deceive may be inferred from the totality of the circumstances, including inferences from circumstantial facts. Id. at 790. The trial court's determination about whether scienter exists can also be permissibly inferred based on circumstantial facts. Id.

The Court finds that Count III provides enough factual context to permissibly infer Kim's scienter regarding her intent to deceive Elizabeth and the beneficiaries through the various refinances and purchases. Assuming the truth of the well-pleaded allegations in the complaint, the allegations point to a pattern of conduct by Kim to execute and record false documents in her capacity as trustee when she had no permission from the beneficiaries and then use the loan proceeds for own personal benefit or to acquire more property. And when asked about these transactions, Kim failed to provide an accounting to Elizabeth or the beneficiaries, even though as trustee she was required to do so. Accordingly, the Motion is denied as to Count III.

**4.  Count IV - § 523(a)(4) - Fraud or defalcation while acting as a fiduciary**

In Count VI, Elizabeth alleges that Kim should be denied a discharge under § 523(a)(4) because Kim signed, filed, and recorded under oath several deeds, trustee certificates, and mortgages against trust property while acting in her fiduciary capacity as trustee, all while alleging facts that she knew were false to benefit herself.

Section 523(a)(4) prevent debtors from discharging any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." The statute therefore provides four types of claims: (1) fraud while acting in a fiduciary capacity; (2) defalcation while acting in a fiduciary capacity; (3) embezzlement; or (4) larceny. Although fraud or defalcation under § 523(a)(4) represent two different grounds for excepting a debt from discharge based on different levels of intent and fault, see Rutanen v. Baylis (In re Baylis), 313 F.3d 9, 20 (1st Cir. 2002), both require the same type of fiduciary capacity. The fiduciary capacity required under § 523(a)(4) requires an express or technical trust. Davis v. Aetna Acceptance Co., 293 U.S. 328, 333 (1934); BAMCO 18 v. Reeves (In re Reeves), 124 B.R. 5 (Bankr. D.N.H. 1990).

The term "fiduciary" in § 523(a)(4) "is limited to the class of fiduciaries including trustees of specific written declarations of trusts, guardians, administrators, executors, or public officers."  Reeves, 124 B.R. at 9.  And the term only applies to express trusts in which "the debtor either expressly signified his intention at the outset of the transaction, or was clearly put on notice by some document in existence at the outset" explaining that he was undertaking the special responsibilities of a trustee.  Id. at 10; see also Office of Public Guardian v. Messineo (In re Messineo), 192 B.R. 597, 601 (Bankr. D.N.H. 1996).

The Court finds that Count IV meets the standard of provides enough factual context to state a plausible claim for relief.  Elizabeth's complaint incorporates an attached Declaration of Trust, which established the Ong Family Trust and appointed Kim as the trustee.  Kim also signed the Declaration of Trust, accepting appointment as the trustee.  Based on the factual circumstances in the complaint, the Court finds that it provides for an inference of fraud or defalcation based on the alleged series of transactions and refinances that Kim engaged in while acting as a trustee when Elizabeth alleges she had no permission to do so.  See, e.g., Baylis, 313 F.3d at 20-21 (under § 523(a)(4), "defalcation" may be presumed from a breach of the duty of loyalty—the duty of a trustee to administer the trust solely in the interest of the beneficiaries).  Accordingly, the Motion is denied as to Count IV.

### IV.  CONCLUSION AND ORDER

For the reasons stated above, the Motion is DENIED as to Counts I, III, and IV and GRANTED as to Count II.  The Court will issue a separate pretrial scheduling order.  This

opinion constitutes the Court's findings of fact and conclusions of law in accordance with

Federal Rule of Bankruptcy Procedure 7052.

      ENTERED at Manchester, New Hampshire.


Date:   July 13, 2010                                 <u>/s/ J. Michael Deasy</u>
                                                    J. Michael Deasy
                                                    Bankruptcy Judge